# EXHIBIT A

#37188

FILED
9/5/2023 11:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L008902
Calendar, H
24235386

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

ERICA BROWN, as Administrator of the )
Estate of FRANK O. BARNES, deceased, )
)
        Plaintiffs, )
)
vs. ) No.:
)
WPD MANAGEMENT, LLC., an Illinois )
Corporation, and 1215 W. 81st, LLC., an )
Illinois Corporation, )
)
        Defendants. )

## COMPLAINT AT LAW

### COUNT I

### NEGLIGENCE – WRONGFUL DEATH

    NOW COMES the plaintiff, ERICA BROWN, as Administrator of the Estate of FRANK O. BARNES, deceased, by and through her attorneys BUDIN LAW OFFICES, and complaining of defendant, WPD MANAGEMENT, LLC., an Illinois Corporation, states and alleges as follows:

    1.    On or about January 11, 2023, defendant WPD MANAGEMENT, (WPD), was licensed to do business in the State of Illinois, and maintained offices at 765 E. 69th Place, Chicago, Cook County, Illinois.

    2.    That on or about January 11, 2023, and for a long time prior thereto, defendant WPD advertised themselves as property managers.

    3.    That on January 11, 2023, and for a long time prior, WPD was engaged in purchasing commercial properties and then rehabilitating them in Chicago, Cook County, Illinois.

4. That on or about January 11, 2023, WPD owned, managed, controlled and/or operated the commercial building located at 1215 W. 81st Street, Chicago, Illinois.

5. That on or about January 11, 2023, WPD, by and through their employees, contractor's, subcontractors, servants and/or agents, was engaged in work on the roof at 1215 W. 81st Street, Chicago, Illinois, (hereafter "the premises").

6. The premises is a four story apartment building which WPD was rehabbing at all relevant times.

7. That WPD at all relevant times acted as the general contractor, and was in charge of and responsible, for any rehabilitation work being done on the premises.

8. That at all relevant times WPD retained, hired or selected the contractors that were doing rehabilitation work on the premises.

9. That on January 11, 2023, WPD contracted and retained Moses King, Jr. d/b/a Moses King, LLC., (hereafter "Moses") to do various work on the premises which required the roof to be used as a work site.

10. At all relevant times WPD had the right and authority to plan, schedule, check, inspect, stop, direct and make changes to the methods of any work in progress on the premises.

11. That on January 11, 2023, WPD was responsible for ensuring that all work done on the premises was done in a safe manner and complied with all applicable fall protection requirements, including those pursuant to the Occupational Safety and Health Act (hereafter "OSHA") rules and regulations, as well as all other applicable fall protection safety rules.

2

12. That WPD did not require Moses, or any other contractor, to provide any type of fall protection for workers at the premises who were required to use the roof as a work platform in order to perform their job duties.

13. That on or about January 11, 2023, plaintiff's decedent, FRANK O. BARNES, an experienced roofer, was employed by Moses as a roofer/laborer whose job duties required him to work on the roof at the premises.

14. That at all relevant times plaintiff's decedent was lawfully on the premises while working upon the fourth floor roof, which was approximately forty-five to fifty feet above the ground below.

15. That on or about January 11, 2023, plaintiff's decedent fell off the roof to the ground below, causing him to sustain catastrophic injuries which later caused his death as hereinafter alleged.

16. At all relevant times WPD had a duty to provide safety railings, and/or banisters, safety netting, or personal fall arrest systems for workers on the premises who were required to work on the roof, including plaintiff's decedent.

17. That on or about January 11, 2023, WPD had a further duty to ensure that the subcontractors they had selected, hired, and/or retained, performed their work in compliance with all applicable fall protection safety rules, standards, policies, procedures and/or regulations to ensure that their work was done in a safe and proper fashion in order to prevent injuries to workers on the premises roof, including plaintiff's decedent.

18. That on or about January 11, 2023, it then and there became, and was the duty of WPD to exercise ordinary care in the inspection, management, direction, planning, operation, and/or control, of the methods of rehabilitation work being done on the premises, so as to prevent injury to plaintiff's decedent and other workers.

3

19. Not regarding their duty in the premises, WPD, by and through their employees, servants, managers, agents, contractors and/or subcontractors, were then and there guilty of one or more of the following negligent acts and/or omissions:

    (a)    Failed to provide any type of fall protection when they knew workers would be working on the roof at 1215 W. 81st Street, Chicago, Illinois; or

    (b)    Failed to furnish a safe, secure, suitable, and/or proper work area so that workers working on the roof would have adequate and effective fall protection while working on the roof; or

    (c)    Failed to properly inspect, oversee, direct, supervise, and/or manage the methods of how work on the roof on the premises was being performed; or

    (d)    Failed to warn plaintiff decedent of the existence of no fall protection while working on the fourth-floor roof; or

    (e)    Failed to require any subcontractor/contractor doing any work on the roof to provide fall protection, including guardrail systems, a safety net system and/or personal fall arrest systems so workers working on the roof were protected from falls; or

    (f)    Negligently hired, retained, employed, and/or selected subcontractors who did not adequately follow fall protection safety rules, regulations, practices, policies and/or procedures for conditions existing at the premises at the time of plaintiff's fall; or

    (g)    Failed to provide a warning line system so that workers working on the roof would know they were approaching the edge of the roof; or

    (h)    Failed to provide any type of guard rail system around the perimeter of the roof where work was being performed; or

    (i)    Failed to provide any type of safety net system for workers working on the roof; or

    (j)    Failed to provide any type of personal fall arrest systems for workers working on the roof; or

    (k)    Failed to erect any fall protection netting below the fourth-floor roof on the premises; or

- (l) Failed to make a reasonable safety inspection of the premises, including the fourth-floor roof, before work began on the roof; or

- (m) Failed to ensure safe, suitable, and proper working conditions on the roof, including fall protection, for all workers, including plaintiff's decedent; or

- (n) Were otherwise careless in the operation, management, and/or control of the rehabilitation and/or other work performed on the premises.

20. That as a direct and proximate result of one or more of the above negligent acts and/or omissions of WPD, by and through their employees, agents, servants, contractors, subcontractors, vendors, and/or personnel, plaintiff's decedent was caused, to, and did, fall from the fourth-floor roof/work platform to the ground below, thereby causing plaintiff to sustain numerous, severe, catastrophic injuries to his body, limbs and nervous system which resulted in great pain and suffering, and then his death, on January 11, 2023.

21. Plaintiff's decedent left surviving Rochelle Brown (D.O.B. 11/08/1974); Frank Brown (D.O.B. 11/05/1981); Erica Brown (D.O.B. 07/02/1984); Eric Brown (D.O.B. 07/02/1984); and Tamara Ennis (D.O.B. 06/16/1992).

22. The survivals/heirs of plaintiff's decedent have separate, substantial, pecuniary losses as a result of his death, including the loss of his society, companionship, love and affection and have suffered and will continue to suffer great grief and sorrow.

23. That ERICA BROWN was appointed administrator of the estate of FRANK O. BARNES, deceased, by the Probate Division of the Circuit Court of Cook County on April 3, 2023.

24. That this Count is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.

5

WHEREFORE, Plaintiff, ERICA BROWN, as administrator of the estate of FRANK O. BARNES, deceased, prays for judgment against defendant, WPD Management, LLC., an Illinois Corporation, in a sum in excess of the minimal jurisdictional amount of this Court, plus costs of this action.

## COUNT II

## SURVIVAL ACTION

NOW COMES the plaintiff, ERICA BROWN, as Administrator of the Estate of FRANK O. BARNES, deceased, by and through her attorneys BUDIN LAW OFFICES, and complaining of defendant, WPD MANAGEMENT, LLC., an Illinois Corporation, states and alleges as follows:

1-19. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-19 of Count I as and for paragraphs 1-19 of Count II as though fully set forth herein.

20. That as a direct and proximate result of one or more of the above aforementioned negligent acts and/or omissions of WPD MANAGEMENT, LLC., an Illinois Corporation, by and through their employees, agents, servants, contractors, subcontractors, vendors, and/or personnel, plaintiff's decedent was caused to, and did, fall from the fourth-floor roof/work platform to the ground below, thereby causing plaintiff to sustain numerous, severe, catastrophic injuries to his body, limbs and nervous system which resulted in great pain and suffering, prior to his death on January 11, 2023, subjecting this defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, Plaintiff, ERICA BROWN, as administrator of the estate of FRANK O. BARNES, deceased, prays for judgment against Defendant, WPD MANAGEMENT,

LLC., an Illinois Corporation, in a sum in excess of the minimal jurisdictional amount of this Court plus costs of this action.

## COUNT III

## NEGLIGENCE/WRONGFUL DEATH VS. 1215 W. 81ST LLC

NOW COMES the plaintiff, ERICA BROWN, as Administrator of the Estate of FRANK O. BARNES, deceased, by and through her attorneys BUDIN LAW OFFICES, and complaining of defendant, 1215 W. 81st, LLC., an Illinois Corporation, states and alleges as follows:

1-18. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-18 of Count I as and for paragraphs 1-18 of Count III as though fully set forth herein.

19. That at all relevant times defendant, 1215 W. 81st LLC, an Illinois Corporation, was the owner of the premises.

20. As the owner of the premises defendant had a duty to ensure that all work being done at the premises was done in a safe and proper manner so that workers legally on the premises would not be injured.

21. It then and there became and was the duty of 1215 W. 81st, LLC., to exercise ordinary care and caution for the safety of others lawfully at the premises, including plaintiff's decedent.

22. Not regarding their duty in the premises, 1215 W. 81st, LLC, was then and there guilty of one or more of the following negligent acts and/or omissions:

(a) Failed to provide any type of fall protection when they knew workers would be working on the roof at 1215 W. 81st Street, Chicago, Illinois; or
(b) Failed to furnish a safe, secure, suitable, and/or proper work area so that workers working on the roof would have adequate and effective fall protection while working on the roof; or

(c) Failed to properly inspect, oversee, direct, supervise, and/or manage the methods of how work being performed on the roof on the premises was being done; or

(d) Failed to warn plaintiff's decedent of the existence of no fall protection while working on the fourth-floor roof; or

(e) Failed to require any subcontractor/contractor, vendors, or personnel doing any work on the roof to provide fall protection, including guardrail systems, a safety net system and/or personal fall arrest systems so workers working on the roof were protected from falls; or

(f) Negligently hired, retained, picked, and/or selected property managers, contractors, or subcontractors who did not adequately follow safety rules, regulations, practices, policies and/or procedures for conditions existing at the premises at the time of plaintiff's decedent's fall; or

(g) Failed to provide a warning line system so that workers working on the roof would know they were approaching the edge of the roof; or

(h) Failed to provide any type of guard rail system around the perimeter of the roof where work was being performed; or

(i) Failed to provide any type of safety net system for workers working on the fourth-floor roof; or

(j) Failed to provide any type of personal fall arrest systems; or

(k) Failed to erect any fall protection netting below the fourth floor work area in the event that workers fell while working on the premises fourth floor roof;

(l) Failed to make a reasonable safety inspection of the premises, including the fourth-floor roof, before work began on the roof; or

(m) Failed to ensure safe, suitable, and proper working conditions on the roof; or

(n) Were otherwise careless in the ownership, operation, management, and/or control of the rehabilitation work at the premises.

23. That as a direct and proximate result of one or more of the above negligent acts and/or omissions of 1215 W. 81st LLC., by and through their property managers, employees, agents, servants, contractors, subcontractors, vendors or personnel,

8

plaintiff's decedent was caused to, and did, fall from the fourth-floor roof/work platform to the ground below thereby causing plaintiff's decedent to sustain numerous severe, catastrophic injuries to his body, limbs and nervous system which resulted in great pain and suffering, and then his death, on January 11, 2023.

24. Plaintiff's decedent left surviving Rochelle Brown (D.O.B. 11/08/1974); Frank Brown (D.O.B. 11/05/1981); Erica Brown (D.O.B. 07/02/1984); Eric Brown (D.O.B. 07/02/1984); and Tamara Ennis (D.O.B. 06/16/1992).

25. The heirs of plaintiff's decedent have separate substantial pecuniary losses as a result of his death, including the loss of his society, companionship, love and affection and have suffered and will continue to suffer great grief and sorrow.

26. That ERICA BROWN was appointed administrator of the estate of FRANK O. BARNES, deceased by the Probate Division of the Circuit Court of Cook County on April 3, 2023.

27. That this Count is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.

WHEREFORE, Plaintiff, ERICA BROWN, as administrator of the estate of FRANK O. BARNES, deceased, prays for judgment against defendant, 1215 W. 81st, LLC., an Illinois Corporation, in a sum in excess of the minimal jurisdiction amount of this Court plus costs of this action.

## COUNT IV

### SURVIVAL ACTION

NOW COMES the plaintiff, ERICA BROWN, as Administrator of the Estate of FRANK O. BARNES, deceased, by and through her attorneys BUDIN LAW OFFICES,

9

and complaining of defendant, 1215 W. 81st., LLC., an Illinois Corporation, states and alleges as follows:

1-21. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-21 of Count I as and for paragraphs 1-21 of Count IV as though fully set forth herein.

22. That as a direct and proximate result of one or more of the above negligent acts and/or omissions of 1215 W. 81st, LLC., an Illinois Corporation, by and through their property managers, employees, agents, servants, contractors, subcontractors, venders and/or personnel, plaintiff's decedent was caused to, and did, fall from the fourth-floor roof/work platform to the ground below thereby causing plaintiff to sustain numerous, severe, catastrophic injuries to his body, limbs and nervous system which resulted in great pain and suffering, prior to his death on January 11, 2023, subjecting this defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, Plaintiff, ERICA BROWN, as administrator of the estate of FRANK O. BARNES, deceased, prays for judgment against Defendant, 1215 W. 81st, LLC., an Illinois Corporation, in a sum in excess of the minimal jurisdictional amount of this Court plus costs of this action.

Respectfully submitted,

**BUDIN LAW OFFICES**

_____
JOHN J. BUDIN

FILED DATE: 9/5/2023 11:53 AM 2023L008902

**BUDIN LAW OFFICES - 37188**
Attorneys for Plaintiff
1 N. LaSalle Street, Suite 2165
Chicago, Illinois 60602
Telephone: (312) 377-0700
Facsimile: (312) 377-0707
budinlaw@aol.com

11